IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARIO OLIEA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  17-cv-3007 |
| | ) | |
| STEVE KALLIS, Warden | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

Before the Court is Magistrate Judge Tom Schanzle-Haskins' Report and Recommendation (d/e 8), which recommends denying Petitioner Mario Oliea's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (d/e 1), and Petitioner's Objections to the Report (d/e 11).  For the reasons set forth below, the Court OVERRULES Petitioner's Objections (d/e 11), ADOPTS the conclusion of Magistrate Judge Schanzle-Haskins' Report and Recommendation (d/e 8), as modified below, and DISMISSES Petitioner's Petition (d/e 1) pursuant to 28 U.S.C. § 2255(e).

## I. BACKGROUND

The relevant facts were fully set forth in the "Statement of Facts" section of the Report and Recommendation, which the Court adopts. In 2007, Oliea pled guilty to two counts of possession with intent to distribute a substance containing five or more grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). United States v. Oliea, United States District Court, Central District of Illinois, Springfield Division, Case No. 07-cr-30033 (hereinafter "Crim."), Notice of Plea (d/e 10).

Prior to the guilty plea, the Government had filed a Notice pursuant to 18 U.S.C. § 851, which stated that Oliea had two prior felony convictions in Illinois for manufacture/delivery of controlled substances in violation of 720 ILCS 570/401. See Crim., Notice (d/e 9). Specifically, the Notice stated he was convicted of manufacture/delivery of a controlled substance in violation of 720 ILCS 570/401(c)(2), in Sangamon County, Illinois, Case No. 2002-CF-967, and of manufacture/delivery of a controlled substance within 1000 feet of a church in violation of 720 ILCS 570/407(b)(2) (which addresses violations of 720 ILCS 570/401(d) that are within 1000 feet of a church), in Sangamon County, Illinois, Case No.

2003-CF-789.  Id.; Resp. App. 45, 49 (d/e 3-1).  Both of these convictions involved cocaine.  See Crim., PSR ¶¶34, 39, (d/e 17). Additionally, not listed on the Notice, Oliea has a second conviction for manufacture/delivery of a controlled substance within 1000 feet of a church in violation of 720 ILCS 570/407(b)(2), in Sangamon County, Illinois, Case No. 2003-CF-792.

The Court notes that Oliea claims that the Report and Recommendation "erroneously states and/or implies the Petitioner's second conviction under 720 ILCS 570/401 is for cocaine as opposed to crack cocaine."  Pet. Objs. at 2 (d/e 11).  The Report and Recommendation says "[i]n the second case, Oliea delivered less than a gram of substance containing cocaine to a police officer." R&R at 2 (d/e 8).  The Court finds no error in this language, as it was taken directly from the Presentence Investigation Report, as well as the Indictment in his state court case.  See Crim., PSR at ¶ 39; Resp. App. 50-51 (d/e 3).  Moreover, this fact has no impact on the resolution of this case.

In light of the § 851 Notice, as well as the weight of the drugs involved, Oliea faced a statutory imprisonment range of 10 years to life imprisonment for each of the two counts.  See 21 U.S.C.

§ § 841(b)(1)(B). Without the § 851 Notice, Oliea would have only been subject to a statutory minimum of 5 years' imprisonment and a maximum of 40 years' imprisonment.

The U.S. Probation Office prepared a Presentence Investigation Report. Crim., PSR (d/e 17). The PSR found that his two convictions for manufacture/delivery of a controlled substance were "controlled substance offenses" as defined in U.S.S.G. § 4B1.2, making Oliea qualify as a Career Offender pursuant to U.S.S.G. § 4B1.1(a). Id. ¶26. Accordingly, the PSR concluded that his advisory sentencing guideline range was 262 to 327 months' imprisonment. Id. ¶88.

There were no objections to the PSR, and the Court adopted its findings. See Crim., Oct. 29, 2007 Minute Entry. On October 29, 2007, Oliea was sentenced to 262 months' imprisonment on each count to run concurrently. Id.; Crim., Judgment (d/e 13). He did not appeal his sentence.

As detailed in the Report and Recommendation, since Oliea's sentencing, there have been a number of revisions to both the Sentencing Guidelines and 21 U.S.C. § 841(b)(1) that reduced the applicable sentencing ranges for offenses involving crack cocaine

like Oliea's. R&R at 4-5 (d/e 8). At the time of filing this Petition, Oliea had filed numerous motions to reduce his sentence in light of these changes, but they had all been denied because the Court found that his sentence was based on the finding that he was a Career Offender, not on the quantity of cocaine for which he was held responsible. Id.

In January 2017, Oliea brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. He argues that, in light of Descamps v. United States, 570 U.S. 254 (2013), and Mathis v. United States, 136 S.Ct. 2243 (2016), the sentencing court incorrectly interpreted the Career Offender Guidelines. Specifically, he argues that under Descamps and Mathis, neither of his two prior Illinois felony convictions for manufacture/delivery of a controlled substance was a "controlled substance offense" under U.S.S.G. § 4B1.1, as defined in § 4B1.2. Oliea also argues his convictions do not qualify as "felony drug offenses" as defined in 21 U.S.C. § 802(44) and, therefore, he should not have received the statutory enhancement under 21 U.S.C. § 841(b)(1)(B).

Respondent filed his response (d/e 3), and Oliea filed a reply (d/e 6). The petition was then referred to Magistrate Judge Tom

Schanzle-Haskins, who has recommended that the Petition be dismissed because Oliea has not shown that there has been a miscarriage of justice. R&R (d/e 8).

Oliea objected to the Report and Recommendation on four grounds. Pet. Objs. (d/e 11). First, Oliea objects to the description of his second conviction under 720 ILCS 570/401 to the extent it implies it is for cocaine as opposed to crack cocaine, as addressed above. Oliea argues in his second and third objections that the Magistrate Judge's analysis failed to compare 720 ILCS 570/401's "cocaine element" against the federal definition of "cocaine," and that the state definition is broader than the federal definition. Finally, as his fourth abjection, Oliea argues the Magistrate Judge was wrong in his conclusion that 720 ILCS 570/401's "cocaine element" "is divisible from any cocaine analog" because "Illinois' definition includes chemically equivalent analogs within a single indivisible definition of cocaine." Pet. Objs. at 2-5 (d/e 11). Petitioner has also filed two supplemental notices (d/e 15 and 16) seeking to rely on United States v. Elder, 900 F.3d 491 (7th Cir. 2018), and Lorenzo v. Sessions, 902 F.3d 930 (9th Cir. 2018).

Since briefing concluded in this case, however, Oliea has sought and obtained relief under Section 404 of the First Step Act of 2018 in the sentencing court. See Crim., Motion to Reduce Sentence (d/e 45). In 2010, Congress passed the Fair Sentencing Act of 2010 to reduce the sentencing disparity between crack and powder cocaine offenses. The First Step Act gave sentencing courts discretion to resentence individuals such as Oliea, who had been sentenced prior to the Fair Sentencing Act. Under the new statutory sentencing range, due to the weight of the drugs involved, Oliea was eligible to be sentenced pursuant to a statutory range of 0 to 30 years. See 21 U.S.C. § 841(b)(1)(C) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years."). His new advisory guideline range was 188 to 235 months' imprisonment. Under the new statutory sentencing ranges, were the § 851 Notice and statutory enhancement <u>not</u> to apply, as he argues in this Petition, the statutory range is 0 to 20 years. Id.

Oliea, through counsel, argued he should receive a below guidelines sentence of time served. Crim., Mot. to Reduce Sent.

(d/e 48). On June 26, 2019, this Court granted his Motion to Reduce Sentence and resentenced Oliea to time served. Crim., Order for Sent. Reduction (d/e 53). As a result, Oliea is no longer in custody.

## II. LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." Camacho v. English, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Therefore, the Seventh Circuit has held that "alternative relief under § 2241 is

available only in limited circumstances: specifically, only upon showing "(1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion,' (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is 'grave enough … to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding,' such as one resulting in 'a conviction for a crime of which he was innocent.'" Montana v. Cross, 829 F.3d 775, 783 (7th Cir. 2016), cert. denied sub nom. Montana v. Werlich, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017) (citing Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. ANALYSIS

Initially, the Court notes that, despite his release from prison, Oliea's Petition is not necessarily moot. Rather, whether a § 2241 petition is moot due to a prisoner's release from prison depends on whether "he could obtain 'any potential benefit' from a favorable decision." Pope v. Perdue, 889 F.3d 410, 414 (7th Cir. 2018) (citing United States v. Trotter, 270 F.3d 1150, 1152 (7th Cir. 2001) ("Unless we are confident that [the former inmate] cannot benefit

from success on appeal, the case is not moot.")). Here, Oliea is still serving a term of supervised released. Therefore, he could still benefit from a favorable decision since a favorable finding "would carry 'great weight' in a § 3583(e) motion to reduce" his term of supervised release. Id.

Nonetheless, the Court finds the Petition must be dismissed. Magistrate Judge Schanzle-Haskins' Report concluded that Oliea's Petition must be dismissed because Oliea has not shown that there was a miscarriage of justice that would allow him to meet the requirements of the § 2255(e) savings clause. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). The Court reviews de novo any part of the Report and Recommendation to which a proper objection has been made. Id. While the Court agrees with Magistrate Judge Schanzle-Haskins' conclusion, in light of intervening law and the intervening changes in Oliea's sentence since the filing of the Report and Recommendation, the Court relies on different reasons for finding that there has not been a

miscarriage of justice than Magistrate Judge Schanzle-Haskins did in his report.

Oliea argues that his sentence is illegal because he should not have been subject to the statutory enhancement for having a prior felony drug offense and because he should not have been deemed a career offender under the advisory sentencing guidelines. Both claims rely on <u>Descamps v. United States</u>, 570 U.S. 254 (2013), and <u>Mathis v. United States</u>, 136 S.Ct. 2243 (2016). As Magistrate Judge Schanzle-Haskins found, both of these cases are cases of statutory interpretation, and, therefore, meet the first requirement to fall within the § 2255(e) savings clause. <u>See</u> R&R at 7 (d/e 8). Respondent did not argue that <u>Mathis</u> or <u>Descamps</u> are not retroactive, but only that Oliea has not shown that there has been a miscarriage of justice. Resp. (d/e 3). Accordingly, the Court limits its analysis to the miscarriage of justice requirement, and finds that Oliea's alleged errors do not qualify as a miscarriage of justice.

Assuming, *arguendo* that Oliea is correct that his sentence should not have been subject to a statutory enhancement and that he should not have been deemed a career offender, Oliea cannot show he is suffering from a miscarriage of justice. The Seventh

Circuit has found an error is grave enough to meet this standard if the error results in a conviction "of a nonexistent crime," Davenport, 147 F.3d at 611, or "a 'fundamental error equivalent to actual innocence,'" Brown v. Rios, 696 F.3d 638, 641 (7th Cir. 2012) (citing Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002). A miscarriage of justice can occur "when a petitioner's sentence is increased by application of an enhancement of which he was actually innocent." Perrone v. United States, 889 F.3d 898, 904 (7th Cir.), cert. denied, 139 S. Ct. 654, 202 L. Ed. 2d 502 (2018) (citing Narvaez v. United States, 674 F.3d 621, 629-30 (7th Cir. 2011) (finding that a miscarriage of justice occurred when a defendant sentenced under the mandatory sentencing guidelines was erroneously classified as a career offender, increasing his mandatory sentencing guidelines range)).

Here, assuming Oliea's underlying claim that he should not have been subject to an increased statutory sentencing range due to his prior convictions has merit, Oliea was not sentenced based "upon the equivalent of a nonexistent offense." Oliea pled guilty to two counts of possession with intent to distribute a substance containing five or more grams of cocaine base ("crack"), and there is

no suggestion that he is actually innocent of that underlying offense. When Oliea first brought his Petition, he was serving a sentence of 262 months' imprisonment. Crim., Judgment (d/e 13). The sentencing enhancement at that time had increased Oliea's sentencing range from a minimum of 5 years and a maximum of 40 years imprisonment, to a minimum of 10 years and a maximum of life imprisonment. At this time, assuming the enhancement was erroneously applied, Oliea may have had an arguable claim of a miscarriage of justice. Similar to the petitioner in <u>Navarez</u>, Oliea was subject to an enhanced imprisonment range whereby a judge could not have sentenced him to less than 10 years imprisonment. Although, the merits of this argument are dubious, as his sentence was still well-below the statutory maximum he would have been subject to without the sentencing enhancement and there is no indication that he would have received a sentence lower than 10 years even if the judge had been able to do so.

 However, now that Oliea has been sentenced to time served, it is not possible to classify any error in applying the statutory sentencing enhancement as a miscarriage of justice. In light of his resentencing under the First Step Act, Oliea was no longer subject

to a mandatory minimum sentence—meaning this Court was free to impose any sentence below the applicable statutory maximum. And, his sentence of time-served was well below both the 30-year statutory maximum that was deemed to apply and the 20-year statutory maximum that would have applied had Oliea not been deemed to have a prior felony drug offense. Oliea, therefore, cannot show that his sentence was "<u>increased</u> by application of an enhancement of which he was actually innocent." <u>Perrone</u>, 889 F.3d at 904 (emphasis added). Accordingly, this claim must be dismissed.

Oliea's challenge to his advisory sentencing guidelines calculation fares no better in light of the Seventh Circuit's decisions in <u>Hawkins v. United States</u>, 706 F.3d 820 (7th Cir. 2013) (<u>Hawkins I</u>), and <u>Hawkins v. United States</u>, 706 F.3d 820 (7th Cir. 2013) (<u>Hawkins II</u>). Given the interest in finality, in <u>Hawkins I</u> the Seventh Circuit held that an erroneous interpretation of the advisory sentencing guidelines is not reversible in post-conviction proceedings so long as the sentence imposed was not greater than the statutory maximum. <u>Hawkins I</u>, 706 F.3d at 823-25; <u>see also</u> <u>United States v. Coleman</u>, 763 F.3d 706, 708-10 (7th Cir. 2014)

("[I]n the context of postconviction proceedings, a sentence well below the ceiling imposed by Congress . . . does not constitute a miscarriage of justice."). In Hawkins I, the petitioner qualified as a career offender based on two prior felony convictions for walkaway escape. Id. at 821. Three years after Hawkins was resentenced under the advisory sentencing guidelines, the Supreme Court held that an "escape" that takes the form of a failure to report did not constitute a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Chambers v. United States, 555 U.S. 122, 127-30, 129 S.Ct. 687 (2009). Given Chambers, a walkaway escape is also not a violent felony under the Armed Career Criminal Act or under the similarly worded career offender guidelines. Hawkins I, 706 F.3d at 822 (citing cases). Hawkins filed a § 2255 motion challenging his sentence on this basis, but the district court denied the motion and the Seventh Circuit affirmed. Id. The Seventh Circuit reasoned that, after United States v. Booker, 543 U.S. 220 (2005), the Guidelines are not binding on the district court and "the judge may not even presume that a sentence within the applicable guidelines range would be proper." Id. Rather, the judge must independently determine the appropriate sentence pursuant to 18

U.S.C. § 3553. Id. at 823. The court found that while the advisory guidelines remain influential, given the interest in finality, an error in the interpretation of an advisory guideline "is not a proper basis for voiding punishment lawful when imposed." Id.

Hawkins moved for rehearing in light of Peugh v. United States, 133 S. Ct. 2072 (2013), in which the Supreme Court held the advisory Guidelines were subject to constitutional challenges under the ex post facto clause "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." Peugh, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing finding that Peugh did not alter their analysis since Peugh involved constitutional error (a violation of the ex post facto clause), Peugh was a case on direct appeal which has a lower legal standard than post-conviction relief does, and Peugh's retroactivity was uncertain. Hawkins II, 724 F.3d at 916-18 ("[I]t doesn't follow that post-conviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.").

Here, Oliea's initial sentence under the advisory guidelines was well below the statutory maximum of life (and well below the statutory maximum of 40 years had the § 851 Notice not been filed), and his new sentence of time served is also well below both the 30-year statutory maximum that was deemed to apply and the 20-year statutory maximum that would have applied had Oliea not been deemed to have a prior felony drug offense. The purported error in designating Oliea a career offender is simply not cognizable on collateral review. His claim regarding the advisory guidelines must, therefore, be dismissed as well.

As none of Oliea's objections would change this conclusion, the objections are overruled as moot. However, the Court notes that Oliea's argument that Illinois' statute 720 ILCS 570/401 is overbroad due to its inclusion of "positional isomers" in the definition of cocaine is not clearly meritless. This same argument is currently pending before the Seventh Circuit. See United States v. Atwood, No. 18-2113 (7th Cir.). However, as Oliea has not shown he meets the requirements to proceed under § 2255(e), he is not entitled to a decision on the underlying merits of his claim.

# IV. CONCLUSION

For the reasons stated, Magistrate Judge Schanzle-Haskins' Report and Recommendation (Doc. [8]) is ADOPTED as modified above. Petitioner's Objections (Doc. [11]) are OVERRULED. Accordingly, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. [1]) is DISMISSED with prejudice pursuant to 28 U.S.C. § 2255(e). This Case is CLOSED.

**ENTERED: August 5, 2019**

**FOR THE COURT:**
/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**